PER CURIAM.
Court reporter Debbie Keslar brought this Title VII employment discrimination action against a state district judge and the State of Nebraska alleging the judge sexually harassed her while she worked for him. The parties settled the case on the eve of trial. Although the defendants did not admit liability, they stipulated Keslar was the prevailing party. In settlement, the State paid Keslar $70,000 and agreed to make an existing harassment policy expressly applicable to official court reporters and to ensure sexual harassment complaints are promptly investigated. Keslar then asked the district court to award her attorney’s fees and costs under 42 U.S.C. § 1988. Keslar requested fees in the amount of $423,797.50 for 3400 hours of work, costs in the amount of $34,017.88, and an enhancement of the fee award. Stating Keslar’s lawyer “lost all sense of proportion and spent too much time and money on what was only slightly more than a run-of-the-mill case,” the district court awarded a fee of $35,875. The district court arrived at that amount by multiplying the total hours reasonably expended, 350 instead of 3400, by reasonable hourly rates for both California and Nebraska counsel. The district court awarded costs permitted by the cost statutes and case law in the amount of $17,009. Rather than elaborating on the reductions in requested fees and costs in its order, the district court referred to the “very detailed and extraordinarily well written brief submitted by counsel for the defendants.” Keslar appeals the fee and cost award. We conclude the district court did not abuse its broad discretion. See Polacco v. Curators of Univ. of Mo., 37 F.3d 366, 370 (8th Cir.1994) (standard of review). Contrary to Keslar’s assertion, the district court applied the lodestar analysis by multiplying the number of hours reasonably *1018 spent on the case by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, ,433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The district court simply excluded hours that were not reasonably spent on the case from the lodestar calculation. See id. at 434, 436-37, 103 S.Ct. 1933. The district court properly declined to enhance the lodestar amount. See Forshee v. Waterloo Indus., 178 F.3d 527, 532 (8th Cir. 1999). Having carefully reviewed the record and all of Keslar’s arguments on appeal, we affirm the district court’s fee and cost award.